'having furnished erroneous information in response to the order of the
-court, may be estopped from denying the truth of the information, yet
such fact does not render the affirmative defense sham or false. The real
truth of the matter is that the defendant has failed to comply with the
order requiring it to furnish certain data to plaintiff. The informa-
-tion which it did furnish was erroneous. The defendant should comply
with the terms of that order, and the plaintiff should be restored to
the same situation that existed at the time he received the erroneous
information.

An order may be entered directing the defendant to furnish to the
plaintiff within 10 days the information required by the order of June
4, 1909, and that defendant pay to plaintiff all costs that have accrued
-since the service of the summons, including term fee for the present
term.

---

KEMP v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

CARRIERS (§ 346*)—INJURIES TO PASSENGER AT STATION—CONTRIBUTORY NEGLI-
GENCE—SUFFICIENCY OF EVIDENCE.
Plaintiff, in an action against a railroad for injuries through slipping
on an icy station platform while attempting to catch a moving train, *held*,
under the evidence, guilty of contributory negligence.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig.
§ 346.*]

Appeal from Trial Term, Westchester County.

Action by George H. Kemp against the New York Central & Hud-
-son River Railroad Company. From the judgment, and from an order
-denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH,
JENKS, and MILLER, JJ.

John F. Brennan, for appellant.
Eugene F. McKinley, for respondent.

MILLER, J. On the 10th day of December, 1906, between the
hours of 5 and 6 o'clock p. m., the plaintiff, in attempting to catch a
moving train at Tarrytown Heights station on the defendant's road,
slipped on the station platform and fell under the train, sustaining in-
juries for which he has recovered in this action. The defendant's road
was a single-track steam road. The station where the accident hap-
pened is located in a sparsely settled farming district. Between the
waiting room and the track, and extending several feet in each direc-
-tion along the track beyond the waiting room, was an uncovered sta-
-tion platform, 6 feet 6 inches wide. When the plaintiff was some
-distance from the station, he saw the train coming in and started to
run. The train started up before he had reached the station. Without
-stopping to purchase a ticket, he ran up the steps, onto the platform,
past the station, turned at the corner, and ran diagonally down the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

platform along the track several feet beyond the station. When within 2 feet from the edge of the platform, he concluded that, owing to the speed of the train, it was impossible for him to board it, and attempted to stop. In making the attempt, his feet went out from under him, and he rolled between the train and the platform. The plaintiff says that, on approaching the platform and turning the corner, he was running as fast as he could, and he describes his speed from the corner as a "spurt." The plaintiff testified that he noticed that the roadway to the station was slippery, and that there was snow on the steps of the station platform; but he says that he did not observe the ice and snow on the station platform, for the reason that he was watching the train. The plaintiff's evidence tends to show that a sleet storm had been in progress during the day, but that it had stopped about 3 o'clock, and that the platform where the plaintiff fell was covered with ice. The defendant's evidence tends to show that it was still raining and freezing when the accident happened.

I am not prepared to say that a railroad must keep every part of its station platforms at stations like that involved in this case entirely free from ice and snow at all times at the risk of being held guilty of negligence. Weston v. N. Y. Elevated R. R. Co., 73 N. Y. 595, was decided with reference to the platform of an elevated railroad station in a city. The situation at a station on a single-track steam road in a sparsely settled district is very different. Of course, the defendant had to use ordinary care to make the approach to its trains safe; but the plaintiff did not meet with his accident at the place on the platform where the defendant's trains stopped to discharge and receive passengers. He had run down the platform away from the station in the attempt to catch and board the moving train, and the defendant had no reason to anticipate the accident that happened. We are all familiar with conditions following a sleet storm such as is described by the evidence in this case. The plaintiff must have observed those conditions. He himself says that he noticed that the road was slippery. Very likely, as he says, he did not observe the condition of the station platform, as he was intent upon catching his train. His testimony shows plainly what happened and how it happened. He ran as fast as he could to the station platform, turned the corner, made a dash—a "spurt," as he calls it—down the platform along with the moving train, and, when he saw that he could not board it, he had gathered such momentum that, in attempting to stop, his feet went out from under him and the accident happened. Doubtless the slippery condition of the sidewalk was a contributing cause, but the plaintiff's own carelessness was certainly a concurring cause. If the plaintiff had actually seized hold of the handle of the car—he attempted to stop when within two feet of it—and had then lost his footing, we would have no doubt that he would be chargeable with contributory negligence, even though the slippery platform was a concurring cause. If the moving train had not been there, we would agree, I think, that the plaintiff was careless in making a "spurt" down this slippery platform without noticing its condition, in view of the conditions following a sleet storm which are observable to every one; and he certainly cannot excuse his inattention to his surroundings by asserting that his

mind was occupied for the time being with an attempt to do a careless thing.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.