THE VILLAGE OF HAVERSTRAW, Respondent, *v.* J. ESLER ECKERSON et al., Appellants.

1. STREETS AND HIGHWAYS — MUNICIPALITY MAY RESORT TO COURT OF EQUITY FOR THEIR PRESERVATION. The powers conferred by the provisions of the General Village Law (L. 1897, ch. 414), which relate to the administration of village streets, imply every incidental power essential to conserve the public rights therein. By the Highway Law (L. 1890, ch. 568), whose provisions are generally applicable to villages, unless modified by other and special provisions, the highway commissioners of towns are empowered (§ 15) to maintain an action in equity, for the preservation of its highways, in the name of the town; but inasmuch as the Village Law (§ 141) creates a "separate highway district" of the village, vesting an exclusive control in the village trustees over the streets, this special provision modifies the General Highway Law, and the authority of the highway commissioners is transferred to and vests in the village authorities, who, therefore, may resort to a court of equity for the preservation of the village streets and highways, and for the protection of the rights of the public therein, whenever their permanency and the public use thereof are menaced.

2. SAME — LATERAL SUPPORT — WHEN MUNICIPALITY MAY INVOKE EQUITABLE POWER OF COURT TO RESTRAIN ADJACENT LANDOWNER FROM INTERFERING WITH LATERAL SUPPORT OF STREET. The preservation of lateral support to a highway, as constructed and prepared for public use, is an obligation to the community which rests upon the adja-

cent landowner. It is an absolute right of the public, in the maintenance of which the members of the community are concerned, and it is of no materiality whether the fee of the street or highway is in the municipality, or whether it holds and controls it by a lesser title. Where, therefore, the owner of lands adjacent to a village street, by digging or excavating upon his lands, affects the lateral support and causes, or threatens, the subsidence of the street, the exercise of the equitable power of the court may properly be invoked by the municipality in restraint of such acts.

*Village of Haverstraw* v. *Eckerson*, 124 App. Div. 18, affirmed.

(Argued March 30, 1908; decided April 14, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 24, 1908, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following questions were certified :

" *First :* Has a village incorporated under the General Village Law capacity to maintain an action in equity to restrain threatened injury to a public street ?

" *Second :* Has such a village the right to maintain an action in equity to restrain the taking down, removing or otherwise interfering with the lateral support of a public street by the lands of a defendant abutting on such public streets ?

" *Third :* Has the public any right to the lateral support of the adjacent land abutting upon but wholly outside of the lines of such public street for the purpose of sustaining the bed of the public highway ?

" *Fourth :* Is the land belonging to a private individual adjacent to a public highway, but wholly outside the lines of such public highway, subject to the burden in favor of the public of affording lateral support to such public highway ?

" *Fifth :* Does the complaint in this action state sufficient facts to constitute a cause of action ?

" *Sixth :* May the plaintiff, a municipal corporation, maintain this action against the defendants under all the facts and circumstances alleged in the complaint ? "

The complaint alleges that the plaintiff was incorporated under the former Village Law of the state and that it is subject to the present General Village Law, as enacted in 1897. (Laws of 1897, chap. 414.) It sets forth the jurisdiction of the plaintiff's board of trustees over its public streets and highways; the existence of a certain street known as " Jefferson Street," which, with other streets and highways, had been established and dedicated for the public use and had been duly accepted by the plaintiff; the public use of the streets for more than fifty years, under the jurisdiction and control exercised by the plaintiff's officers, and the ownership by the defendant Eckerson of certain lands adjacent to Jefferson street. It alleges that the defendants have wrongfully and unlawfully excavated and removed clay, sand and other materials from Eckerson's land, adjacent to Jefferson street, for use in brickyards and have interfered with, endangered and destroyed the lateral support of said street; encroaching upon it and rendering it unsafe for passage, and creating, by reason thereof, a public nuisance. It alleges that they are still engaged in such acts; that they threaten and intend to continue the same and that, by reason thereof, the street " is greatly endangered and rendered liable to slide and cave into such excavations " and that the properties of various persons on that side of the street are likewise in danger. Judgment is demanded enjoining and restraining the defendants " from excavating and removing clay, sand and other materials from the land * * * adjacent to Jefferson Street, so as to cause said street * * * to subside, or slide down, into the excavations upon said adjoining property "; from " interfering with the lateral support of said street" and requiring them to " restore said street to its former and original condition, * * * and to restore the lateral support thereof where the same has been removed, or otherwise interfered with ". The defendants demurred to the complaint for want of legal capacity in the plaintiff to maintain the action and for the insufficiency of the facts stated to constitute a cause of action.

*Henry Bacon* and *Ralph E. Prime* for appellants. Plaintiff had no capacity to sue. (*Palmer* v. *Plank Road Co.*, 11 N. Y. 376; *People* v. *Albany R. R. Co.*, 24 N. Y. 261; *Rozell* v. *Andrews*, 103 N. Y. 150; *Moore* v. *B. C. R. Co.*, 108 N. Y. 98; *Com. of Highways* v. *B. & O. T. Co.*, 25 Wend. 365; *Cornell* v. *Town of Guilford*, 1 Den. 510; *People* v. *N. Y. & H. R. Co.*, 45 Barb. 73; *Coykindall* v. *Ducker*, 13 Hun, 260; *People ex rel. Lehmier* v. *I. St. Ry. Co.*, 85 App. Div. 407; *Atty.-Gen.* v. *Utica Ins. Co.*, 2 Johns. Ch. 371.) The doctrine of lateral support does not apply to the conditions which arise between an owner along a public street in a village and the public interested in the highways. (*Matter of Furman Street*, 17 Wend. 649–668; *Wilson* v. *Mayor*, 1 Den. 595; *Greaves* v. *Otis*, 2 Hill, 466; *Radcliffe* v. *Mayor*, etc., 4 N. Y. 195; *Callendar* v. *Marsh*, 1 Pick. 418; *Booth* v. *R., W. & O. R. Co.*, 140 N. Y. 267; *Zeustall* v. *Christian*, 80 Va. 1; Washburn on Easements [4th ed.], 581; *Smith* v. *Thackery*, L. R. [1 C. B.] 564.)

*Alonzo Wheeler* and *William McCauley* for respondent. The plaintiff, being a village incorporated under the General Village Law, has capacity to maintain an action in equity to restrain threatened injury to a public street. (*Village of Oxford* v. *Willoughby*, 181 N. Y. 162; Elliot on Roads & Streets [2d ed.], 713; Beach on Mod. Eq. Juris. 816; Dillon on Mun. Corp. [2d ed.] 520; *Village of Watertown* v. *Cowen*, 4 Paige, 510; *City of New York* v. *Knickerbocker Trust Co.*, 104 App. Div. 229.) A village has the right to maintain an action in equity to restrain the taking down, removing or otherwise interfering with the lateral support of a public street by the lands of a defendant abutting on such public street. (*Milburn* v. *Fowler*, 27 Hun, 268; *Finegan* v. *Eckerson*, 26 Misc. Rep. 574.) The public has the right to the lateral support of the adjacent land for the purpose of sustaining the public highway, and the land belonging to a private individual adjacent to a public highway is subject to the burden in favor of the public of affording lateral support.

(*White* v. *Tebo*, 43 App. Div. 418; *Riley* v. *C. R. J. Co.*, 110 App. Div. 787; *Milburn* v. *Fowler*, 27 Hun, 568; *Finegan* v. *Eckerson*, 26 Misc. Rep. 574; 32 App. Div. 233.)

GRAY, J.  The questions presented by this appeal are, simply, whether the village of Haverstraw has the legal capacity to maintain an action for equitable relief and, if it has, whether a cause of action is made out upon the allegations of its complaint.  I think that the first of these questions was settled by our decision in the case of *Village of Oxford* v. *Willoughby*, (181 N. Y. 155).  Upon its authority, as in reason, we must hold that a municipal corporation may resort to a court of equity for the preservation of its streets and highways, and for the protection of the rights of the public therein, when their permanency and the public use thereof are menaced.  In the *Village of Oxford's* case the judgment, which we upheld, restrained the defendant from continuing a certain encroachment upon a street of the village, which consisted in an excavation within its lines for the foundations of a building.  In that case the right of the municipality to maintain an action for equitable relief was contested and the question was carefully considered.  It was held that the village possessed this right, not only under the general rule, which concedes to the municipal corporation the right to exercise, beyond the powers expressly granted, such incidental powers as are indispensable for the proper protection of the public rights, when menaced by an act which amounts to a public nuisance, but, also, under the General Highway Law of the state.  The powers conferred by the provisions of the General Village Law, which relate to the administration of village streets, imply every incidental power essential to conserve the public rights therein.  By the Highway Law, whose provisions are generally applicable, unless modified by other and special provisions, the highway commissioners of towns are empowered to maintain such an action in the name of the town ; but, inasmuch as the Village Law creates " a separate highway district " of the village, vesting an exclusive control

in the village trustees over the streets, the special provision modifies the General Highway Law and the authority of the highway commissioners is transferred *to*, and vests *in*, the village authorities. The question was discussed in the *Village of Oxford's* case and I think further discussion needless here.

As to the other question in this case, the proposition of the appellants is that " the doctrine of lateral support does not apply to the conditions which arise between an owner along a public street and the public interested in the highways." I do not think the proposition is quite correct. As between the proprietors of adjacent lands, neither proprietor may excavate his own soil, so as to cause that of his neighbor to loosen and fall into the excavation. The right to lateral support is not so much an easement, as it is a right incident to the ownership of the respective lands. It is true that the application of the doctrine in the case of a public street, or highway, will be somewhat broader. In the case of adjacent landowners, the right is only to the support of the land in its natural state ; while, in the case of the street, or highway, the improvement of the land, to fit it for its intended use as a public highway, may tend to add to the lateral pressure. But that would be the permanent and natural condition of the land acquired for the public travel. It is, further, true that the municipality is not under a similar obligation to the abutting owner and for the reason that, with respect to the construction and maintenance of the public highway, it exercises a governmental function and can come under no liability in its reasonable performance thereof. It constitutes an exception to the general rule of lateral support. (See 2 Dillon on Municipal Corporations [4th ed.], sec. 991, and *Moore v. City of Albany*, 98 N. Y. 396, p. 407.) I think that the preservation of lateral support to a highway, as constructed and prepared for the public use, is an obligation to the community, which rests upon the adjacent landowner. It is an absolute right of the public, in the maintenance of which the members of the community are concerned. It is of no materiality, whether the fee of the street, or high-

way, is in the municipality; or whether it holds and controls it by a lesser title. The municipality is the incorporation of the inhabitants of the village district and it is their representative and the trustee of their equitable rights. In its board of trustees is vested, by the statute, the exclusive control and supervision of the streets and public grounds, and it is but a just result that, whatever the rights, legal or equitable, of the public therein, they should be enforceable at the suit of the municipality. It would be a vain grant of power by the statute, if the interests of the public in a street, or highway, could not be prevented from destruction, or impairment, and protected, by resort to the courts. In my opinion, no legitimate consideration militates against the restriction of the adjacent owner's property rights to such acts upon his land as will not injuriously affect the public rights in the highway. Our attention is not called to any case in this court, which presents this precise question, and I have not been able to find any; but in *Milburn* v. *Fowler*, (27 Hun, 568), we have an explicit utterance upon the subject by the present chief judge of this court. In that case, the injunction was granted at the suit of an owner of land abutting upon a highway, which restrained the defendants from so digging on their own land as to endanger the safety of the highway. It was observed by Judge Cullen, speaking for the General Term, that "it is claimed that there is no right of lateral support for the street, unless it is alleged and shown that the highway is in its natural state and free from superincumbent earth, which may increase the lateral pressure. This doctrine which, in the absence of any statutory regulations, controls the relative rights between adjacent owners, has no application to the case of a highway."

My conclusion is that, whether the acts of persons menace the condition of a highway in a direct manner, or indirectly, by so digging, or excavating, upon the adjacent lands as to affect the lateral support and to cause, or to threaten, the subsidence of the highway, the exercise of the equitable power of the court may, properly, be invoked by the municipality in restraint of their continuance.

For these reasons, I advise that the order appealed from should be affirmed, with costs, and that the questions certified should be answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed.