(82 South. 91)

**DAVIDSON et al. v. ALABAMA POWER CO.**
(7 Div. 985.)

(Supreme Court of Alabama. April 10, 1919.
Rehearing Denied May 22, 1919.)

1. ELECTRICITY ⬠19(2) — INJURY INCIDENT TO USE—NEGLIGENCE—PLEADING.

A count of plaintiff's complaint against an electric power company, the gravamen of which was the negligent burning of plaintiff's telephone exchange by causing or allowing a current of electricity to come in contact with a telephone wire and be transmitted into the building and switchboard, *held* broad enough to cover a negligent overcharge of the wire, or a failure to use means or appliances to prevent a contact or injurious results.

2. ELECTRICITY ⬠19(9) — FIRE CAUSED BY USE — NEGLIGENCE — SUFFICIENCY OF EVIDENCE.

Evidence in action for negligent burning by electric power company of a telephone exchange, through electricity coming in contact with telephone wire *held* sufficient to go to jury, without resort to doctrine of res ipsa loquitur, and to amount to more than mere conjecture or speculation.

3. APPEAL AND ERROR ⬠1040(4)—HARMLESS ERROR—RULING ON PLEADING.

Plaintiffs having under one count of the complaint, broad enough to cover the other count, got the full benefit of the other counts, sustaining demurrer to the others was harmless.

4. ELECTRICITY ⬠19(4)—FIRES—NEGLIGENCE —EVIDENCE.

Plaintiffs, claiming negligent burning of their building by an electric current of defendant power company, were entitled to show that at the time there existed appliances that would prevent electricity from getting off the wire and burning up buildings.

5. ELECTRICITY ⬠19(4) — CAUSING FIRE — EVIDENCE — CHANGES AND IMPROVEMENTS AFTER ACCIDENT.

Plaintiffs may not show changes and improvements in the ways and works of defendant electric power company after the burning of plaintiffs' building, charged to have been caused by defendant negligently allowing a current to come in contact with a telephone wire.

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Action by C. T. Davidson and others, partners doing business under the firm name and style of the Helena Telephone & Electric Company, against the Alabama Power Company, for damages to their plant and house by fire. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

. Count A:

The plaintiffs claim of the defendant the sum of $5,000 damages for that, whereas, on or about, to wit, May 28, 1914, the plaintiffs owned a building at Helena, Ala., in which was operated a telephone exchange owned by the plaintiffs, and. there was in said building a large number of telephones, office furniture, and fixtures stored, and in connection with said telephone business plaintiffs had in said building a telephone switchboard and all appliances and apparatus necessary to operate the same, together with telephone wires, telephone attachments and equipments, and. $86.60 in cash in said building. Plaintiffs · aver that on said date and for a long time prior thereto the defendant, for its own private use, had a telephone wire run into said building and connected with plaintiff's switchboard, which was run into said building by the defendant by the consent of these plaintiffs and connected with said switchboard. Said telephone wire which the defendant had run into said building and connected with said switchboard extended to lock 12 on the Coosa river, where the defendant had a power plant, and the defendant had also constituted a line of wires to transmit electric current from lock 12 to Birmingham and to other points, and said telephone wire was constructed by the defendant parallel with and near to said wires over which electric current was transmitted which the defendant generated at lock 12 on the Coosa river by water power. And plaintiffs aver that on said date the defendant negligently caused or allowed a current of electricity to come in contact with said telephone wire and be transmitted into said telephone house and switchboard owned by plaintiffs as aforesaid, causing the same to be set on fire and said house, switchboard, telephone appliances and apparatus, as well as a great number of telephones in said house, and all the contents of said house to be destroyed by fire. Plaintiffs aver that the electric current that came in contact with said telephone wire causing said building to be set on fire as aforesaid was generated or caused to be generated by the defendant at lock 12 on the Coosa river, and transmitted or caused to be transmitted by the defendant over said transmission wires between lock 12 and Birmingham.

Riddle & Ellis, of Columbiana, for appellants.

Thomas W. Martin and Perry W. Turner, both of Montgomery, for appellee.

ANDERSON, C. J. [1, 2] The gravamen of count A was the negligent burning of the plaintiffs' house, etc., by causing or allowing a current of electricity to come in contact with the telephone wire and transmitted into the telephone house and switchboard. This count is broad enough to cover a negligent overcharge of the wire, or a failure to use means or appliances to prevent a contact or injurious results. We also think there was enough evidence to submit this count to the jury without resort to the doctrine of res ipsa loquitur. The proof was sufficient to create a reasonable inference for the jury that the burning was caused as set out ·in count A, and amounted to more than a mere conjecture or speculation. True, there were other connections with the switchboard, but

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the plaintiffs' proof tended to show experiments, tests, and an unusual charging of the wire by this defendant on the night of the fire. C. T. Davidson said, among other things:

That up to the time he left the night of the fire "there was considerable fuss on the wires at times. By fuss I mean roaring and humming. There was a roaring and fussing all the evening. * * * I know what produced that fuss. It was a current of electricity on the line; hot wire we call it. By 'hot wire' I mean that it was charged by electricity. On the evening referred to, that is, the evening just before the exchange was burned, I heard people talking over the telephone from lock 12. I heard Mr. Benziger talking over this telephone line. He was in the employment of the Alabama Power Company. * * * I heard him say, 'We will put her on and hold her one minute.' * * * When this current was put on, it would ground us out so that it would throw the numbers on the board. * * * It would have the same effect as lightning. * * * It roared like thunder almost. * * * They would then do something down at the dam * * * they said their transformers were giving them trouble. * * * They would again put the current on for maybe two minutes. Then the telephone conditions would be as bad or worse than it was before, and every number on the board would fall. * * * I left at 9 o'clock that night, and this turning on and off the current was still going on. * * * Some of them called it the 'hazard test,' and some of them called it the 'rigid test.'"

R. P. Davidson, who succeeded this witness, testified that there was something unusual going on after he got there and until he went to sleep. It is true this evidence was contradicted by the defendant's proof, which may have been more scientific and reliable, but it was nevertheless a question for the jury as to whether or not the fire was caused as charged in count A of the complaint. We have not discussed counts 1 and 2, as count A is broad enough to cover the negligence charged in each of said counts, respectively.

[3] We also think that the plaintiffs got the full benefit of count 3 under count A, thereby rendering the sustaining of the demurrer to said count 3 harmless, whether it was or was not subject to said demurrer.

It is no doubt true that the plaintiffs would be precluded from a recovery by the contributory negligence of the two Davidsons, or either of them, who were conscious of the tests and experiments, if they were aware of consequences liable to result therefrom and could have adopted preventive measures by shutting off or disconnecting the dangerous current, or otherwise. But this, too, was a question for the jury.

[4] The plaintiffs should have been permitted to show that at the time of the fire there existed certain appliances that would prevent electricity from getting off the wire and burning up buildings. Whether or not the court's refusal to permit these questions was subsequently cured by the offer of the court the next day to let counsel ask them we need not determine, as the case must be reversed for other reasons.

[5] Proof of changes and improvements in the ways or works of the defendant after the injury or the alleged cause of action arose is not admissible. Nashville & Chattanooga R. R. v. Ragan, 167 Ala. 277, 52 South. 522. The trial court did not err in not letting the plaintiffs show that since the fire in question the defendant had put in certain appliances to prevent buildings from burning up, in a new building it erected at Helena.

For the error in giving the general charge for the defendant, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.