(94 South. 595)

## JONES v. KIRKPATRICK SAND & CEMENT CO. (6 Div. 385.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Master and servant ⟾193(1)—Railroad employee and spur track owner's employee held not fellow servants.**

Where a railroad company employed to repair a shipper's spur track sent plaintiff with some men under his charge to do the work and the shipper's superintendent struck plaintiff with a hammer while they were cutting a rail, they were not fellow servants.

**2. Master and servant ⟾182(1)—Injury to railroad employee by superintendent of owner of spur track held not actionable under statute.**

Where a railroad company employed to repair defendant's spur track sent plaintiff with some men under his charge to do the work, and the defendant's superintendent struck plaintiff with a hammer while they were cutting a rail, plaintiff was not entitled to recover under the Employers' Liability Act on counts alleging that he was in the employment of the defendant.

**3. Master and servant ⟾329—Variance between pleading and proof as to scope of employment held fatal.**

In an action against the owner of a spur track for injuries to a railroad company's employee, repairing the track, counts based on the theory that plaintiff, being an invitee on the premises of the defendant, was injured by the negligence of its superintendent acting at the time within the scope of his employment, are not maintained by evidence showing that he was at the moment of the injury performing the work of a common laborer.

**4. Master and servant ⟾329—Proof held not to support count for negligence on part of corporation.**

A recovery cannot be had by an invitee of a corporation for personal injuries under a count charging that the injuries were caused by the negligence of the defendant corporation in permitting a hammer to strike him where the proof merely shows that defendant's superintendent caused the injuries while performing the work of a common laborer.

**5. Master and servant ⟾329—Proof held not to support count for negligent act done by consent of corporation.**

A recovery cannot be had on a count against a corporation for injuries to an invitee which charges in effect that the negligent act of striking plaintiff with a hammer was done with defendant's consent, where the evidence merely shows that the injury was caused by defendant's superintendent while doing the work of a common laborer.

**6. Master and servant ⟾302(1)—Employer not liable for independent tort of employee.**

An invitee is entitled to the exercise of reasonable care for his safety by an employer, who is virtually an insurer of the violation of such duty by its employees in whatever capacity employed, provided the employee does not so far depart from the course of his employment as to make his act his own independent tort.

**7. Master and servant ⟾332(2)—Scope of employment held for jury.**

In an action for personal injuries to a railroad company's employee struck by a hammer used by defendant's superintendent while the men were cutting a rail for defendant's spur track, repaired by the company, held, that the question whether the superintendent's act was within the course of his employment was for the jury.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages for personal injuries by Henry L. Jones against the Kirkpatrick Sand & Cement Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint reads, in part, as follows:

"(1) The plaintiff, Henry L. Jones, claims of the defendant, Kirkpatrick Sand & Cement Company, the sum of $15,000, for that heretofore, to wit, on the 24th day of September, 1918, defendant was engaged in the operation of a cement plant at or near Jacksons Lake, Ala., and while so engaged had plaintiff in its employment, and while plaintiff was actively engaged in the performance of his duties, namely, in the repair of a spur track leading into defendant's said plant, defendant had intrusted Flem Zeigler, who is to plaintiff otherwise unknown, with superintendence of plaintiff and said spur track, and while plaintiff was working in and about said track in the repair of same, said superintendent negligently struck plaintiff on the lower limb, breaking and crushing same," etc. "Plaintiff avers that the aforesaid injuries and damages were caused proximately by the negligence of said Zeigler whilst in the exercise of such superintendence as aforesaid; hence this suit.

"(2) Plaintiff claims of the defendant the sum of $15,000, for that heretofore, to wit, on the 24th day of September, 1918, defendant was engaged in the operation and control of a cement plant at or near Jacksons Lake, Ala., and on said date, while plaintiff was working about a spur track leading into defendant's plant, at the invitation of the defendant, defendant's superintendent in charge or control of said plant, whilst working within the line and scope of his authority as such superintendent, negligently struck plaintiff on the lower limb, bruising and breaking same," etc. "Plaintiff avers that the aforesaid injuries and damages were caused proximately by the negligence of defendant's superintendent whilst in the exercise of his superintendence as aforesaid.

"(3) Plaintiff claims of the defendant, the Kirkpatrick Sand & Cement Company, the sum of $15,000, for that heretofore, to wit, on the 24th day of September, 1918, defendant was operating a cement plant at or near Jacksons Lake, Ala., and while so engaged plaintiff was working in and about the repair of a spur track leading into defendant's plant, and while

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

so engaged defendant's superintendent, Zeigler, who had charge or control of the operation of said plant and while working within the line and scope of his authority as such superintendent, wantonly struck plaintiff with a large hammer about the lower limb and thereby wantonly inflicted injuries and damages as follows," etc.

"(4) The plaintiff claims of the defendant $15,000 as damages, for this, that heretofore, to wit, on the 24th day of September, 1918, the defendant was engaged in the following business in the state of Alabama, to wit, the operation of a sand pit, and was repairing or building a railroad track at or near Jacksons Lake in Alabama. And the plaintiff was in the service or employment of the defendant, and as such servant or employee of defendant plaintiff was holding an instrument, to wit, a cleaver, against a steel rail which was or was to be in part in or a part of said track, and while in said service or employment, engaged in the discharge of his duties as such employee, to wit, holding said cleaver, plaintiff was struck on his leg by a hammer, and as a proximate consequence thereof his leg was crushed," etc. "And the plaintiff avers that his said wounds and injuries were the proximate consequence, and caused by reason of the negligence of a certain person, to wit, Flem Zeigler, who was in the service or employment of said defendant, and who had superintendence intrusted to him, whilst in the exercise of such superintendence, and said negligence consisted in this, namely, said person negligently in the exercise of such superintendence caused or permitted a heavy hammer to strike the plaintiff.

"(5) The plaintiff claims of the defendant $15,000 as damages, for this, that heretofore, to wit, on the 24th day of September, 1918, the defendant was engaged in the following business near Jacksons Lake, Ala., namely, the operation of a sand pit, and in or about repairing or rebuilding a railroad track at or near Jacksons Lake in Alabama. And plaintiff was lawfully upon the said premises of said defendant by invitation or request of defendant, but was not a servant or employee of defendant.

"And the plaintiff avers that it became and was the duty of said defendant to so conduct its said business as not negligently to injure the plaintiff while on its said premises as aforesaid, but the plaintiff avers that said defendant negligently breached its said duty in the premises, in this, it negligently caused or permitted a sledge hammer or other heavy instrument to strike the plaintiff, whereby plaintiff was proximately caused to suffer great mental and physical pain and anguish," etc. "And the plaintiff avers that his said wounds and injuries were the proximate consequence, and caused by reason of the negligence of the defendant as aforesaid.

"(6) The plaintiff claims of the defendant $15,000 as damages, for this, that heretofore, to wit, on the 24th day of September, 1918, the defendant was engaged in the following business near Jacksons Lake, Ala., namely, the operation of a sand pit, and defendant used in said business a certain spur track or side track which connected with the Louisville & Nashville Railroad.

"And the plaintiff avers that he was section foreman on the Louisville & Nashville Railroad, and that it became and was his duty to build said side track as such section foreman or track man for the Louisville & Nashville Railroad, and while lawfully upon the premises of the defendant in the exercise of his duties as such employee of said Louisville & Nashville Railroad, with the consent of defendant, an agent or employee of defendant, while acting in the line or scope of his authority as such agent or employee of defendant, negligently struck the plaintiff with a sledge hammer, and as a proximate consequence thereof plaintiff's leg was cut," etc.

"(7) The plaintiff claims of the defendant $15,000 as damages, for this, that heretofore, to wit, on the 24th day of September, 1918, the defendant was engaged in the following business in Alabama, to wit, at or near Jacksons Lake, Ala., namely, the operation of a sand pit in or about building or repairing a railroad track at said place. And plaintiff was in the service or employment of said defendant in the following capacity, to wit, as a track man. And while in said service or employment engaged in the discharge of his duties as such employee plaintiff was struck by a hammer wielded by another employee of defendant, viz. Flem Zeigler, and as a proximate consequence thereof plaintiff's leg was cut," etc. "And the plaintiff avers that it became and was the duty of said defendant to exercise reasonable care in and about furnishing plaintiff with reasonably safe and suitable fellow servants with whom to work, or near whom to work; but the plaintiff avers that the defendant negligently breached its said duty in the premises, in this, it negligently failed to exercise reasonable care in and about furnishing plaintiff with reasonably safe and suitable fellow servants with whom to work, or near whom to work, as a proximate consequence of which negligent failure and breach of duty, plaintiff was struck as aforesaid," etc.

"(8) Plaintiff claims of defendant $15,000 as damages for that heretofore, to wit, on the 24th day of September, 1918, the defendant was engaged in the business of the operation of a sand pit, and in or about said business was engaged in the construction or repair of a railroad track in Alabama, to wit, at or near Jacksons Lake, Ala.; that on said day, while plaintiff was in the service or employment of another corporation, to wit, the Louisville & Nashville Railroad Company, at the request of defendant to do, or assist in doing said work of building or repairing said railroad track, and while plaintiff was engaged therein, and in or about holding an instrument at or against a steel rail, which was in or a part of said track, for the purpose of said instrument being struck with a hammer in order that said rail might be cut or broken, defendant's servant or employee took said hammer and undertook, or pretended to undertake, to strike said instrument which plaintiff was holding, and in or about so attempting or pretending to attempt, wielded said hammer and struck plaintiff with said hammer, and as a proximate consequence thereof plaintiff's leg was crushed," etc. Plaintiff avers that defendant's servant or agent, acting within the line and scope of his authority as such servant or agent, negligently struck plaintiff with said hammer on the occasion aforesaid, and, as a proximate

·consequence of said negligence, plaintiff suffered said injuries and damages.

"(9) Plaintiff refers to and adopts the foregoing part of count 8, and adds:

"Plaintiff further avers that defendant's said ·servant or agent, acting within the line and scope of his authority as said servant or agent, wantonly and wrongfully caused plaintiff to suffer said injuries and damage, by wantonly and wrongfully striking plaintiff with said hammer on the occasion aforesaid, well knowing that so to do would likely or probably cause great personal injury and damage."

Harsh, Harsh & Harsh and N. L. Steele, all of Birmingham, for appellant.

When the gravamen of the action is the alleged nonfeasance or misfeasance of another, a general form of averment as to facts out of which duty to act springs and failure to perform is sufficient. 57 Ala. 154; 201· Ala. 554, 78 South. 907. Though an act be physical, if it also involves superintend·ency, or if the omission of proper superintendence causes the act to be dangerous, the employer may be liable on that account to a fellow servant or a stranger. 205 Ala. 691, 89 South. 42; 161 Ala. 419, 49 South. 685. The fellow servant doctrine does not apply to or protect the master of a negligent servant for an injury by him to one upon the master's premises by invitation. 144 Ala. 176, 39 South. 1017; 79 Ala. 344; 81 N. Y. 516, 16 Am. Neg. Cas. 823. A servant of an independent contractor, though working to a common end with servants of defendant, is not a fellow servant 148 Ala. 151, 41 South. 988. ·

Thomas J. Wingfield and Joseph E. Robinson, both of Birmingham, for appellee.

Error in sustaining demurrer to ‚a count of a complaint is not prejudicial, where there are other counts raising the same issue. 179 Ala. 213, 60 South. 175, Rule 45 (61 South. ix). Where work is left to an independent ·contractor, who works according to his own method, and not under direction of the employer, employees doing the work are employees of the independent contractor. 179 Ala. 213, 60 South. 175. The employer is not answerable for negligence of· a person intrusted with superintendence, who at the time is engaged in mere manual labor. 146 Ala. 234, ·41 South. 475; 177 Ala. 378, 58 South. 900.

SAYRE, J. Defendant operated a sand pit near the line of the Louisville & Nashville Railroad. For the convenient shipment of its products defendant maintained spur tracks into its property. At the time in question defendant had employed the railroad company to do some repairs on. one of its tracks, and in pursuance of that employment the railroad company had sent plaintiff with some men under ·his charge to do the work. Defendant lent the assistance of ‚some men who worked under the direction of one Zeigler. However, plaintiff had general control of the work; Zeigler pointing out the new location of the track which was to be moved in part. At the moment of his injury plaintiff was engaged in the business of cutting a steel rail. This was to be done by spiking down one end of the rail, putting it into tension by pressing the other end to one side, and then striking a cold-chisel held upon it a heavy blow with a 10-pound hammer. Plaintiff was holding the chisel and one "George" an employee of the defendant, was about to strike, when, according to plaintiff's version of the facts, Zeigler appeared upon the spot, saying, "Let me hit the d——d thing and see it jump," or some such words, took the hammer from George, attempted to strike the chisel, but instead struck plaintiff's leg, inflicting severe injury. Defendant's contention was that plaintiff called for a left-handed man to use the hammer, whereupon Zeigler attempted to use it. Plaintiff stated his case in nine counts, of which 1, 2, 3, and 7 were stricken on demurrer. The cause being tried on the remaining counts, the court directed a verdict for defendant.

We consider the case first on its facts and without regard to the rulings on demurrer. Defendant contends that in no event could plaintiff be allowed to recover for the broad general reason that the evidence offered by plaintiff as well as that for defendant was clear and undisputed to the effect that Zeigler was employed by defendant as a boss or superintendent, not as a common laborer, was in charge of the sand pit generally and of such of defendant's employees as were helping to repair the track, and so that at the moment of his injury he was acting, not as superintendent, but as common laborer, and so without the scope and course of his employment. This perhaps was the view entertained in the trial court; but it will be found that as to several of the counts the action of the court in giving the general charge must be sustained on different grounds.

[1, 2] Plaintiff and Zeigler were for the moment engaged in a common enterprise— so to speak of the matter of cutting the rail —but they were not fellow servants. Dallas Mfg. Co. v. Townes, 148 Ala. 146, 41 South. 988. It is clear beyond dispute that plaintiff was not entitled to recover on those counts which allege that he was in the employment of defendant and seek recovery under the Employers' Liability Act. Linderman v. T. C. I. Co., 177 Ala. 378, 58 South. 900. Plaintiff was employed by the Louisville & Nashville Railroad Company.

[3] Other counts proceed upon the theory that plaintiff, being an invitee, in the legal sense (A. G. S. R. Co. v. Godfrey, 156 Ala. 219, 47 South. 185, ·130 Am. St. Rep. 76), upon the premises of defendant was injured ·by the negligence of Zeigler acting at the time with-

ing the scope and course of his employment by defendant. Such of the counts as allege that Zeigler was acting within the scope of his employment as superintendent could not be maintained, for this allegation of these counts was clearly rebutted by the evidence in the cause, which went to show without contradiction that Zeigler was at the moment performing the work of a common laborer. Plaintiff could not prevail on these counts by reason of the variance between pleading and proof.

[4, 5] The fifth count charges plaintiff's injury directly to the defendant corporation. Under the undisputed evidence plaintiff was not entitled to recover under that count for the reason pointed out in City Delivery Co. v. Henry, 139 Ala. 166–167, 34 South. 389. Under the influence of that decision falls also the sixth count, which charges, in effect, that the act of which plaintiff complains was done with the corporate consent of the defendant. There was no evidence to sustain this allegation.

[6, 7] However, defendant owed plaintiff, as invitee, the duty, arising out of the relation, to exercise reasonable care for his safety, and was, virtually an insurer against the violation of such duty by its employees in whatever capacity employed, provided, of course, the employee did not so far depart from the course of his employment as to make his act his own independent tort. 1 Jaggard on Torts, p. 273. On this theory proceed cases like Case v. Hulsebush, 122 Ala. 212, 26 South. 155, and Gassenheimer v. Western Rwy. of Ala., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998. What is an independent tort, considered in this connection, cannot be defined according to any definite rule. In cases arising under the superintendence clause of the Employers' Liability Act the line is strictly drawn between acts of superintendence and acts not of superintendence because the statute—subdivision 2 of section 3910 of the Code—holds the employer liable only in case the act complained of is an act of superintendence. Linderman v. T. C. I. Co., supra. But in other cases the law recognizes that an employee may have more than one duty; that he may act in the capacity of superintendent, as an ordinary laborer, or what not; and that to third persons the employer may be liable for the act of his employee done in any capacity covered by his employment. Here there was privity between the parties; plaintiff was on the premises of defendant by its invitation

to do certain work in which defendant was interested. There was evidence tending to show that what Zeigler did was within the course of his employment; that is, was done in the performance of work to which he was appointed to contribute directly (though it may have been without the line of his assigned duties), and which brought the two into necessary contact and relation. If so, defendant was answerable for Zeigler's negligence unless plaintiff was guilty of contributory negligence. Both questions, we think, were raised by the evidence and counts 8 and 9, which were sustained against demurrer and have not been eliminated by the considerations hereinbefore stated against other counts, and (as to count 8) by the plea of contributory negligence, and were questions proper for jury decision. The court erred in giving the general charge for defendant upon the whole case.

Now as to the demurrers: Appellee suggests no reasons why the demurrers to counts 1, 2, 3, and 7 should have been sustained, but is content to say that, if the rulings against these counts were erroneous, no harm was done for the reason that plaintiff had the benefit of substantially the same allegations in other counts of the complaint. Our judgment is that these counts differed from the other counts to which they are likened in respect of matters which are made material by allegation and that the contention for error without injury cannot be sustained in the precise form in which it is made. However, the evidence in the cause—that offered by plaintiff as well as that offered by defendant—showed without conflict that counts containing the material averments of the counts in question can never be maintained, for reasons which have been pointed out. The considerations to which we have adverted will continue to operate against any case stated in the language of these counts; for it cannot be assumed that the evidence for plaintiff on another trial will be in flat contradiction of his evidence as it now appears in the record. For these reasons consideration of the errors assigned on the rulings against the sufficiency of these counts is pretermitted. And, of course, we do not pass on the sufficiency of other counts, for that question is not raised.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.