(117 So. 223)

## GULF, M. & N. R. CO. v. HAVARD.
### (1 Div. 493.)

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied May 31, 1928.

1. Pleading ⟜21—Count of complaint alleging railroad's servants covered hole in roadway, making unsafe place apparently safe, and that plaintiff, stepping thereon, was injured, held not demurrable for repugnancy.

Where complaint of pedestrian, suing railroad for personal injury through stepping on covering of hole in public street or highway near railroad track, was framed on theory of creation of pitfall in repairing hole, count alleging that defendant's servants or agents, acting within scope of employment, covered hole so as apparently to afford safe place for pedestrians to walk, and that it was unsafe, and as proximate consequence thereof plaintiff stepped thereon and was hurt, was good as against demurrer on ground of repugnancy.

2. Railroads ⊛⇒344(3)—Count of complaint alleging railroad's servants, acting within employment negligently placed boards over hole in roadway near track without fastening them, making unsafe place apparently safe, causing injury to plaintiff walking thereon, held not demurrable for repugnancy.

Where complaint of pedestrian, suing railroad for injury from stepping on covering of hole near track in public street or highway which crossed track, was framed on theory of creation of pitfall in repairing hole, count alleging that defendant's servants or agents acting in employment negligently placed board or boards over hole without fastening them securely, so as to afford apparently safe passageway, and that plaintiff, while walking along roadway, by stepping thereon was injured, was good as against demurrer on ground of repugnancy.

3. Railroads ⊛⇒303(1)—Railroad must do whatever is reasonably necessary to construct approaches and keep approaches and tracks at public crossings in good repair.

Railroad companies are required to do whatever is reasonably necessary to construct and to keep approaches to tracks, as well as tracks themselves, at public crossings in good repair.

4. Railroads ⊛⇒93—Railroad's right to build track across highway is to be implied, if not expressly granted.

Right of railroad to build track across highway is to be implied, if not expressly granted.

5. Railroads ⊛⇒303(1)—Railroad held to have duty to preserve lateral support of intersecting public road, regardless of whether right of way included road lying within its outer lines projected across road.

Railroad, owning right of way on one side of public road by condemnation and on other side by purchase, had duty to preserve lateral support of intersecting road as constructed and operated for public use in crossing railroad track, and such duty existed, whether or not right of way be held to include so much of road as lay within outer lines of right of way, if projected across road.

6. Railroads ⊛⇒344(10)—Plea alleging plaintiff, injured by stepping on boards over hole, was guilty of contributory negligence in not going around boards, held demurrable, where place was apparently safe.

In action against railroad by pedestrian for injury through stepping on insecure covering of hole near railroad track in roadway, which crossed track, sustaining demurrer to plea that plaintiff knew there was board or boards covering hole or place where there was probably hole, and that she was guilty of contributory negligence in stepping thereon, where she could have used part of highway not covered by boards, held proper, in view of fact that plaintiff alleged, and it was not denied, that place in question was apparently safe.

7. Railroads ⊛⇒326(1)—Pedestrian stepping on apparently safe covering over hole held not contributorily negligent for not walking elsewhere in roadway.

Pedestrian injured by stepping on insecure covering of hole near track in roadway which crossed track where allegation that place was apparently safe was not denied, in absence of knowledge of fact that safety was apparent only, had right to walk there, and cannot be charged with contributory negligence for failure to walk at another available place in highway.

8. Railroads ⊛⇒326(4)—Pedestrian held not charged with knowledge that apparently safe covering over hole was unsafe.

Pedestrian, suing railroad for injuries through stepping on defective covering of hole near track in public roadway crossing track, held not charged with knowledge that covering, which was apparently safe, was not really safe.

9. Appeal and error ⊛⇒232(2)—Allowing question showing what railroad's employee felt about duty to fix hole causing pedestrian's injury held not reversible error, in view of objection.

In pedestrian's action against railroad for injury from stepping on insecure covering over hole near track in roadway crossing track, admitting testimony about what defendant's employee felt about its being his duty to fix hole was not reversible error, even though prejudicial, since objection that it called for feeling of witness after accident waived other objections.

10. Negligence ⊛⇒128—Defendant's acts after injury to remedy defective conditions is not admissible to show negligence before injury.

In action for negligent injury, it is not competent to show that defendant has, after injury, repaired or changed machinery or premises, defective condition of which is alleged to have caused injury, to show anterior negligence with respect thereto.

11. Railroads ⊛⇒347(5)—Railroad's repairing defect in roadway after injury held admissible to show duty to repair.

In pedestrian's action against railroad for injury from defect in intersecting roadway near track, in which defendant claimed it was not responsible for condition of place in question, admitting testimony as to what defendant did after accident toward repairing place held proper.

12. Railroads ⊛⇒303(1)—Railroad held liable for injury from defect in roadway if it undertook to repair hole and created trap or pitfall.

Duty of maintaining bank of roadbed as constructed and maintained for public use was on railroad, and, whether so or not, if railroad undertook to repair hole in public roadway near railroad crossing it was liable for failure to repair it properly.

13. Appeal and error ⊛⇒1064(4)—Instruction that employee's action in furtherance of "employment" is act within scope thereof held not prejudicial for not using "in virtue of employment."

In pedestrian's action against railroad from injury through stepping on defective covering of hole in roadway, which had been repaired by defendant's employee, charge that actions by employee in furtherance of employment and of its ends is act within scope of employment was not erroneous, or at least not prejudicial in using "furtherance" instead of "in virtue of em-

ployment," since "employment" as used in instruction meant content of contract of employment.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action for damages for personal injuries by Frances L. Havard against the Gulf, Mobile & Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Plea A is as follows:

"Plaintiff knew there was a board or boards covering a hole in the roadway or a place where there was probably a hole, as it was at or near the northern edge of said roadway where there was a ditch, that said hole was within, to wit, 2 feet of said edge, and there was left much the greater part of said roadway, to wit, 13 feet obviously unimpaired and sound for use, and her stepping upon said board or boards under said circumstances constituted contributory negligence which proximately contributed to the injury complained of."

The following are the grounds of demurrer interposed to plea A:

(1) The facts alleged in said plea do not show negligence on the part of the plaintiff.

(2) The facts alleged in said plea do not constitute contributory negligence.

(3) For aught that appears in said plea, plaintiff had a right to walk upon that portion of said roadway upon which said board or boards were laid.

(4) For aught that appears in said plea, the said boards constituted a safe place for plaintiff to walk upon.

(5) For aught that appears in said plea, the plaintiff did not know and had no reason to believe that it was unsafe for her to step upon the board or boards that were over said hole.

(6) For aught that appears in said plea, a reasonably prudent person, in the exercise of reasonable care, would not have known or had reasonable cause to believe that it was unsafe for a person to step upon the board or boards that were over said hole.

J. G. Hamilton, of Mobile, for appellant.

There is no duty on a railroad company to repair any part of the highway that is outside its crossing over such public highway and the approaches thereto, and is under no liability for failure to repair a defect therein. Gulf, etc., R. Co. v. Sneed, 84 Miss. 252, 36 So. 261; Bloomington v. Ill. Cent. R. Co., 154 Ill. 539, 39 N. E. 479; State v. Nor. Pac. R. Co., 99 Minn. 280, 110 N. W. 975; Chicago v. Pittsburgh R. Co., 247 Ill. 319, 93 N. E. 307, 139 Am. St. Rep. 329. Evidence of repairs of any alleged defects subsequent to an alleged injury therefrom is inadmissible in evidence. N. C. & St. L. R. Co. v. Ragan, 167 Ala. 277, 52 So. 522; Davidson v. Ala. Power Co., 203 Ala. 77, 82 So. 91; Ala. Co. v. Heald, 154 Ala. 595, 45 So. 686. For a railroad company to be liable for any acts of a servant or agent, they must be within the range of employment or duties. Gilliam v. S. & N. A. R. Co., 70 Ala. 268; Barker v. D. Milk Co., 205 Ala. 470, 88 So. 588; Palos Coal Co. v. Benson, 145 Ala. 664, 39 So. 727; Kirby v. L. & N. R. Co., 187 Ala. 443, 65 So. 358; Collins v. A. G. S., 104 Ala. 390, 16 So. 140; S. A. L. R. Co. v. Glenn, 213 Ala. 284, 104 So. 548. Humanitarian interest or effort outside of duty does not ground liability. Connors v. Kilgore, 189 Ala. 649, 66 So. 609; U. S., etc., Co. v. Fuller, 212 Ala. 177, 102 So. 25; A. G. S. R. Co. v. Godfrey, 156 Ala. 201, 47 So. 185, 130 Am. St. Rep. 76.

Outlaw, Kilborn & Smith, of Mobile, for appellee.

Error as to abandoned counts is without injury. Ala. S. & W. Co. v. Griffin, 149 Ala. 423, 42 So. 1034. The owner of land abutting on a public highway is burdened with the duty of preserving lateral support to the highway as constructed and operated for public use. 12 R. C. L. 149. Travelers may assume that a highway is reasonably safe for public travel. Place v. R. R. Co., 157 App. Div. 24, 141 N. Y. S. 970; Neal v. Wilmington R. Co., 3 Pennewill (Del.) 467, 52 A. 338; Atchison v. Plunkett, 8 Kan. App. 308, 55 P. 677. If one unlawfully interferes with or obstructs a street, he is liable to all persons injured thereby, in the absence of contributory negligence. 28 Cyc. 1434; 37 Cyc. 304; 13 R. C. L. 316; Lewman v. Andrews, 129 Ala. 170, 29 So. 692; Wells v. Gallagher, 144 Ala. 363, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50. Whatever is done by the employee in virtue of his employment and in furtherance of its ends is deemed by law to be an act done within the scope of the employment. 39 Cyc. 1282, 1283. One who maintains a trap or pitfall or other harmful device on his premises is liable for injuries occasioned thereby, whether or not the person injured is rightfully there. 29 Cyc. 470. Where there are conflicting tendencies of evidence presenting a jury question, the trial court will not be put in error for overruling a motion for new trial. Sloss, etc., Co. v. Greer, 216 Ala. 267, 113 So. 271; Cobb v. Malone, 92 Ala. 630, 9 So. 738. A general objection to evidence does not present an error for review. Conway v. Robinson, 216 Ala. 495, 113 So. 531; Harvey v. Bodman, 212 Ala. 503, 103 So. 569; Smith & Sons v. Gay, 21 Ala. App. 130, 106 So. 214. Where evidence is admissible for a particular purpose, ruling thereon is not reversed as against a general objection. Johns Undertaking Co. v. Hess-Strickland Co., 213 Ala. 78, 104 So. 250; 29 Cyc. 618, 619; A. G. S. R. Co. v. Ensley Trf. Co., 211 Ala. 298, 100 So. 342.

SAYRE, J.: This case went to the jury on counts 3 and 4 of the complaint, and there is no need to consider errors supposed to have affected the case as stated in counts 1 and 2.

217 Ala.—41

[1, 2] In our original opinion it was stated that plaintiff, appellee, stepped on the covering of a hole which was in a public street or highway near the corporate limits of the city of Mobile, and also—as we understood—in defendant's right of way at or near the point where defendant's track crossed the highway. On rehearing it appears that the foregoing statement is not accurate. Perhaps we were misled by the maps of the locus in quo, which are to be found in the transcript of the record and in the briefs on either side. On closer examination we find the facts to be: The railroad track, running northwest and southeast, crosses the extension of Government street, shown in the maps as "Government Street Road," which runs east and west. Defendant railroad company had acquired its right of way southeast of the road, so to speak of Government street road, by condemnation, which, in terms, as the record discloses, extended to the south line of, but not across, the road. The right of way to the northwest was acquired by purchase and was bounded on the south side, or extremity, by the north line of the road. The hole was in the road about midway between defendant's track and the northeast boundary line of its right of way, if that right of way be taken and considered as laid across the width of the road. The complaint alleges nothing to the contrary. It (count 3), after describing the location of the hole, alleges that "defendant's servants or agents, acting within the line and scope of their employment by defendant, covered said hole in such a manner to apparently afford a safe place for pedestrians to walk thereon and so covered said hole in such a negligent manner that it was unsafe for a person to step thereon, and as a proximate consequence of such negligent act" the plaintiff stepped, etc., and was hurt. The corresponding allegation of count 4 is that—

"Defendant's servants or agents, acting within the line and scope of their employment by defendant, negligently placed a board or boards over said hole without fastening it or them securely in place, and so placing said board or boards as to afford an apparently safe passageway for pedestrians, and the plaintiff while walking along said roadway at said point" stepped, etc.

Defendant's demurrer, as presented in the brief, takes the point that the facts alleged are insufficient to raise a duty on the part of defendant to repair the hole, and, in consequence, the allegation that defendant's agent or servants were acting within the line and scope of their employment in so doing appears on the face of the complaint to be repugnant to the rest of the complaint. In short, the argument is the alleged hole was not on defendant's right of way, and since at the place in question defendant was under duty to maintain its roadbed only, the complaint discloses two defects in plaintiff's case

one growing out of the other, both operating to the same conclusion, viz. Defendant, in the circumstances alleged, was under no duty; defendant's agents or servants were not acting within the line and scope of their employment.

[3] It cannot be denied that railroad companies are required to keep the approaches to their tracks, as well as the tracks themselves, at public crossings, in good repair. Pratt Coal & Iron Co. v. Davis, 79 Ala. 308; Southern Railway v. Morris, 143 Ala. 628, 42 So. 17. Each crossing presents different conditions and problems, but the general rule is that the company must do whatever is reasonably necessary to be done for the safety and convenience of travelers using the crossing. 3 Elliott on Railroads (2d Ed.) § 1107. Proper approaches and embankments necessary to enable the traveler to reach and leave the crossing are a part of the crossing, and the company is under duty to construct and maintain them. Id.; Southern Railway v. Morris, supra.

[4, 5] We presume defendant's railroad was constructed under authority of law. The right to build across highways is to be implied, if not expressly granted. Inhabitants v. Port Reading, etc., R. R. Co., 49 N. J. Eq. 11, 23 A. 127. In the situation thus shown it was the duty of defendant railroad company to preserve the lateral support of the intersecting road as constructed and operated for public use. Haverstraw v. Eckerson, 192 N. Y. 54, 84 N. E. 578, 20 L. R. A. (N. S.) 287. This is nothing more than an adaptation to the particular environment of the general rule that railroads are required to keep the approaches to their tracks in safe repair. And this duty existed, whether or not defendant's right of way be held to include or cover so much of the road as lay within the outer lines of its right of way, if projected across the road, and it is not necessary for the purposes of this case to say whether the road within the limits of the outer lines of the right of way, if extended across the road, was a part of the right of way. In either event it was the duty of the defendant to give lateral support to the road, whether the need for such support was brought about by the fact that the road had been elevated above the adjoining right of way or the right of way had been lowered below the road by excavation.

In view of the principle of law stated above and our rule of pleading in such cases, which permits great generality of allegation, little short of mere conclusion, plaintiff would have been allowed to prove that her injury was caused by a hole in the road produced by defendant's dereliction in respect of its stated duty in the premises. It follows, therefore, that the complaint did not appear to be repugnant in itself, as the demurrer alleged, by reason that it alleged defendant's agents or servants in the matter of repairing

the hole acted in the line and scope of their employment. In other words, the other facts alleged do not contradict the complaint, wherein it alleges that defendant's agents or servants were acting within the line and scope of their employment.

But, aside from what has been said, the complaint is framed with the purpose of charging that defendant constructed a trap or pitfall on its right of way, that plaintiff, walking along the public highway, in which also was the hole, had a right to be where she was, and that, whether or no it was the duty of defendant to repair the hole it was under duty to plaintiff, and the public generally, if it would undertake to repair, to make such repairs as would not leave the place with the merely deceptive appearance of safety. The judgment now is that the demurrer to counts 3 and 4 was properly overruled.

[6-8] The demurrer to plea A was properly sustained. If the place was apparently safe, and the plea does not deny that it was, then, in the absence of plaintiff's knowledge of the fact that its safety was apparent only, and plaintiff is not charged with such knowledge, plaintiff had a right to walk there, and cannot be charged with contributory negligence for that she failed to walk at another available place in the highway.

[9] What defendant's employee "felt" about its being his duty to "fix that hole," whether before or after plaintiff's hurt, was immaterial. But the allowance of the question which developed this fact cannot be allowed to work a reversal, even though found to be of prejudicial tendency, for the reason that the particular objection interposed, viz. that it called for the feeling of the witness *after the accident*, waived, for the purpose of this appeal, another objection which might have been efficaciously interposed, but was not. Clark v. State (Ala. Sup.) 115 So. 295.[1] As for the objection taken to this evidence, that we will consider in the next place.

[10, 11] Plaintiff was allowed to ask defendant's witness Whatley, who was defendant's section foreman:

"After this accident, didn't you take your road gang and go there and make repairs to that place—permanent repairs—that is, fix it so that it would be safe, or so that it was safe?"

Defendant's objection, made on grounds appropriately raising the question now to be considered, was overruled without error. This court has frequently ruled in cases of this general sort that it is not competent to show that defendant has, after the injury complained of, repaired or changed the machinery or premises, the defective condition of which is alleged to have caused the injury, as tending to show anterior negligence with respect thereto. So, in substance, the rule is stated in Bedgood v. Miller Mill Co., 202 Ala.

299, 301, 80 So. 364. Some of the cases sustaining the rule thus stated are Going v. Alabama Steel Co., 141 Ala. 537, 550, 37 So. 784; Alabama Consolidated Co. v. Heald, 154 Ala. 580, 595, 45 So. 686; M. C. & St. L. v. Ragan, 167 Ala. 277, 280, 52 So. 522; Davidson v. Alabama Power Co., 203 Ala. 77, 78, 82 So. 91; A. G. S. v. Ensley Transfer, 211 Ala. 298, 300, 100 So. 342; Collins v. Mobile & Ohio, 210 Ala. 234, 239, 97 So. 631. But circumstances alter rules and in Burnwell Coal Co. v. Setzer, 191 Ala. 398, 409, 67 So. 604, it was held that evidence of this character may be competent for the purpose of showing that the place of the accident was under the control of the defendant, if that becomes an issue. N. C. & St. L. v. Ragan, and Bedgood v. Miller Mill Co., supra, support the proposition of Burnwell Coal Co. v. Setzer. , It early became apparent in this cause that the main ground of defense was that defendant was not responsible for the condition of the locus in quo. That is still the contention. Our judgment of the point here under discussion is that the ruling in the trial court should be sustained on both reason and authority.

Appellee introduced evidence tending to show that the hole in the road was caused by the sloughing off of the bank of the road adjacent to and above a ditch on defendant's right of way.

[12] Appellant insists that, since there was no wall or abutment between the head of the ditch—where the sloughing took place—and the road, there could be no dereliction in the matter of lateral support; but we think that the duty of maintaining the bank of the roadbed as constructed and operated for public use was on defendant, and, whether so or not, if the defendant undertook to repair the hole in the road, it should have executed that undertaking so as not to create a trap or pitfall in the highway. Haverstraw v. Eckerson, supra.

[13] The court, in the course of its oral charge to the jury, said:

"The court charges the jury that whatever is done by the employee in furtherance of his employment and in furtherance of its ends is admitted by the law to be an act done within the scope of employment."

This is substantially the language of 33 C. J. p. 1283, § 1472. This statement of law is criticized for the use of "furtherance" instead of "in virtue of his employment." An employee may, it is conceivable to aid his employer, do something without his authority, but it is doubted that such an act would be done in furtherance of his employment. Employment, in the connection in which the court used the word, means the content of the contract of employment. However, the criticism is too refined for use in the practical administration of justice by jury trials, and we find in the record no sufficient reason

[1] Ante, p. 229.

for the conclusion that the language of the charge wherein faulty, if faulty it was, may have prejudicially affected defendant's case. It is freely conceded that, if defendant's employee proceeded to repair the hole because of a purely humanitarian and gratuitous interest in the safety of the public (Connors-Weyman Co. v. Kilgore, 189 Ala. 643, 650, 66 So. 609), and not because that was a part of the duty imposed upon him by his employment, defendant should not have been held liable; but we do not read the court's language as implying anything to the contrary, and as we have already indicated, defendant's duty to repair may very well have been inferred from the cause and location of the hole if from nothing else, and its liability in the premises may well have been based on a finding that the duty was negligently performed. Jones v. Kirkpatrick Sand Co., 208 Ala. 365, 368, 94 So. 595; 39 C. J. 1362, 1363.

Other assignments of error are based upon the propositions that in no event, under the evidence, should plaintiff have been allowed to recover, and that, in any event, defendant's motion for a new trial should have been granted. We cannot admit the force of either contention, and we trust our reasons for this conclusion have sufficiently appeared.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

