(89 South. 850)

### HILL GROCERY CO. v. HAMEKER.
(6 Div. 714.)

(Court of Appeals of Alabama. April 5, 1921.)

1. **Negligence** ⚖44—Storekeeper liable for customer's injury by fixture not removable under lease.

In an action against a grocery company for injuries to a customer by defective floor, it is no defense that the depression in the floor was a fixture, which under the terms of its lease the company could not remove, since, having invited public into its store, it was required to provide a reasonably safe place for the public, even though building was owned by another.

2. **Appeal and error** ⚖1040(7)—Sustaining demurrers to plea harmless, where facts alleged could be proved under other pleas.

Sustaining of demurrers to pleas held harmless where defendant had benefit of proving facts set up in such pleas under other pleas upon which the case was tried.

3. **Appeal and error** ⚖1078(1)—Assignment not argued waived.

Assignment of error not argued was waived.

4. **Negligence** ⚖132(1)—Evidence of defective light admissible on issue of contributory negligence.

In an action for injuries to a customer by a depression in the floor of defendant's store, evidence that the store was defectively lighted *held* admissible to refute the charge of contributory negligence.

**5. Appeal and error ⬩⬩⬩1051(3)—Testimony that defendant was a corporation held harmless.**

In personal injury action against a corporation, in which the corporate existence of the defendant was admitted, admission of testimony that defendant was a corporation, if error, was harmless, where witness had already testified that he was vice president of the defendant, and where the pleadings showed that defendant was a corporation and was sued as such.

**6. Negligence ⬩⬩⬩139(3)—Charge as to intentional injury held properly refused.**

In an action against a proprietor of a store for injuries to a customer by a defective floor, a charge that defendant owed plaintiff no duty "other than the duty of doing her no intentional injury or wrong while in that part of the store that she was neither invited nor expected to go" held properly refused as calculated to lead jury to think it necessary for plaintiff to show intentional injury.

**7. Negligence ⬩⬩⬩44—Care required of storekeeper.**

A proprietor of a store is liable for injuries to a customer by a depression in the concrete floor negligently permitted to remain there by proprietor, though the depression might have been a standard device, performing a useful function in the ordinary and approved way.

**8. Trial ⬩⬩⬩260(1)—Refusal of charge; fully covered by that given, not error.**

Refusal of charge, fully covered by the oral charge of the court, held not error.

**9. Negligence ⬩⬩⬩136(22)—Storekeeper's negligence held for jury.**

In an action against a storekeeper for injuries to a customer by a depression in a concrete floor, the question of defendant's negligence held for the jury.

**10. Negligence ⬩⬩⬩136(26)—Contributory negligence of customer injured by floor, held for jury.**

In an action against a storekeeper for injuries to a customer by a depression in a concrete floor of store, the question of contributory negligence held for the jury.

**11. Negligence ⬩⬩⬩124(1) — Evidence showing no previous accident incompetent.**

In an action against a storekeeper for injuries to a customer by a depression in a concrete floor, the fact that no person had ever been hurt by reason thereof before the time of the accident was not evidence to show that defendant was not guilty of negligence.

**12. Negligence ⬩⬩⬩132(1)—Evidence of condition of floor competent on issue of contributory negligence.**

In an action against a storekeeper for injuries to a customer by a depression in the floor, the fact that floor was wet and greasy may be considered by jury on the question of contributory negligence.

**13. Trial ⬩⬩⬩228(4)—Unintelligible Instruction properly refused.**

In action against storekeeper for injuries to customer caused by depression in concrete floor, requested instruction that, "A person is not expected to anticipate and guard against all reasonable consequences by his not by law expected to anticipate against that which no reasonable man would expect to occur," held properly refused, being unintelligible.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by Mrs. Frances L. Hameker against the Hill Grocery Company for damages for personal injuries sustained while on the premises. Judgment for plaintiff, and the defendant appeals. Affirmed.

The following is the complaint:

Count 1: Plaintiff claims of the defendant the sum of $5,000 as damages, for that heretofore, to wit, September 13, 1917, defendant occupied and was in possession of certain premises in Birmingham, Ala., on one of the public streets of said city where it conducted or operated a public store to which the public generally were invited to come and trade or on other business; that plaintiff was an invitee of defendants upon said premises, being there on the occasion complained of to transact business with the defendant, and while in said store and on said premises where she was invited, on the occasion aforesaid, she fell or was caused to fall into or over, or step into and fall, a dangerous, unguarded opening or depression in the floor thereof, and plaintiff's ankle was broken, sprained, and made sore; she suffered great mental and physical pain and anguish, lost time from her employment, spent or became liable for a large sum of medicine and medical attention in and about treating her said injuries. Plaintiff alleges that all her said injuries and damages were proximately caused by reason of the negligence of the defendant in negligently failing to use due care to keep said premises reasonably safe for persons visiting the place by its invitation, express or implied.

Count 2: Plaintiff adopts all of count 1 as amended, down to and including the words "treating her said injuries" where same appear together therein, and adds the following: "Plaintiff alleges that all her said injuries and damages were proximately caused by reason of the negligence of the defendant in negligently failing to give plaintiff reasonable notice of the existence of said opening or depression, known to defendant and unknown to plaintiff."

The complaint was later amended by alleging the permanent injury of the plaintiff. The pleas were, first, the general issue and the two following special pleas:

(11) That the said plaintiff was guilty of negligence which proximately contributed to her said injuries in this, that, having entered the said storehouse, she negligently stepped into the depression in the concrete floor, which was about three feet in diameter, and gradually descended from the level of the said floor to about 1¼ inches deep, the bottom and center

being covered by an iron plate with small holes in the same for the purpose of drainage, which was obvious and apparent to the said plaintiff.

(12) For that said plaintiff was guilty of negligence which proximately contributed to her said injury in this, that said plaintiff negligently stepped into said depression in the concrete floor of defendant's storehouse, said depression being about three feet in diameter, gradually sloping towards the center, the total fall in the center being about 1¼ inches below the floor level, said center having a small flat iron plate with small holes therein for drainage purposes, and all of said depressions being obvious to persons using said premises.

The following charges were refused to the defendant:

(2) I charge you that under the evidence in this case the defendant in this case owed no duty to the plaintiff other than the duty of doing her no intentional injury or wrong while in that part of the store that she was neither invited nor expected to go.

(8) I charge you that if you believe from the evidence in this case that the depression or drain in the floor of plaintiff's store was a standard device performing a useful function in the ordinary and approved way, then you must find for the defendant.

(13) I charge you that under the evidence in this case the said premises did not have a dangerous, unguarded opening or depression as alleged in the complaint, and that the plaintiff has failed to sustain such allegation, and you must find your verdict for the defendant.

(14) The court charges the jury that they may look to the fact if they find it to be a fact, under the evidence in this case, that no person had been previously injured in the said store at the opening or depression complained of, and that no person has been since injured there, as tending to show that the defendant exercised due care for the safety of their customers.

(16) Under the allegations of the complaint in this case the defendants are not charged with negligence by not having the said place of the alleged accident sufficiently lighted, and that they may disregard all evidence on the subject of said place not being sufficiently lighted in making up their verdict.

(15) The defendants are not charged with negligence in the complaint in respect to the said floor being greasy or wet, and the place where such accident occurred being in such condition, and they will disregard any evidence on that subject in making up their verdict.

(19) It was the duty of the plaintiff, if the said premises at and about the said depression in the floor were dark or not sufficiently lighted, to exercise unusual care as to where she was going and as to where she stepped, and if they find from the evidence that she did not do so, and that the injury complained of resulted therefrom, then they may find their verdict for the defendant.

(24) I charge you that a person is not expected to anticipate and guard against all reasonable consequences by his not by law expected to anticipate against that which no reasonable man would expect to occur.

Wood & Pritchard and Basil A. Wood, all of Birmingham, for appellant.

The complaint was demurrable. 112 Ala. 98, 20 South. 424. Evidence not within the allegations is incompetent. 201 Ala. 416, 78 South. 794, L. R. A. 1918F, 137. Plaintiff was guilty of contributory negligence. 77 Ala. 448, 54 Am. Rep. 72; 201 Ala. 416, 78 South. 794, L. R. A. 1918F, 137. The mere fact that a party is injured as the result of an accident will not render a defendant liable in damages therefor. 79 App. Div. 45, 79 N. Y. Supp. 785; 36 Wash. 183, 78 Pac. 782. Counsel discuss other issues, but without further citation of authority.

B. M. Allen, of Birmingham, for appellee.

The pleas filed to the original complaint must be refiled to the amendment, to be available. 105 Ala. 561, 17 South. 41; 116 Ala. 231, 22 South. 577, 67 Am. St. Rep. 105; 97 Ala. 73, 11 South. 901; 203 Ala. 78, 82 South. 95. The defendant was liable under the proof and the allegations. 201 Ala. 416, 78 South. 795, L. R. A. 1918F, 137; 77 Ala. 456, 54 Am. Rep. 72; 146 Ala. 259, 40 South. 971; 83 Ala. 512, 3 South. 522; 84 Ala. 186, 4 South. 158; 129 Ala. 410, 30 South. 584; 139 Ill. 596, 29 N. E. 692, 32 Am. St. Rep. 218; 99 Mass. 216; 117 Ky. 25, 77 S. W. 385. Where there is no reason to expect danger, it is not negligent to fail to look out for it. 63 Fla. 191, 58 South. 47, Ann. Cas. 1913C, 564; 82 Mich. 1, 46 N. W. 21, 21 Am. St. Rep. 549. The propriety of the amendment of the pleading cannot be questioned for the first time on appeal. 139 Ala. 462, 36 South. 40; 36 Ala. 92; 97 Ala. 524, 12 South. 41; 165 Ala. 432, 51 South. 730; 146 Ala. 259, 40 South. 971; 148 Ala. 671; 145 Ala. 444, 40 South. 565.

BRICKEN, P. J. Appellee brought suit to recover damages of the appellant for injuries received by her while in the store of appellant. The damages resulted by reason of the fact that "she fell, or was caused to fall, into or over, or step into and fall, a dangerous unguarded opening or depression in the floor of the store of appellant." There was a verdict for plaintiff, and defendant, in the court below, appeals.

The cause was tried upon counts 1 and 2 of the complaint as amended, and pleas 1, 11, and 12, demurrers having been sustained to the other pleas. The cause was tried upon the pleas of the general issue and contributory negligence.

The testimony showed that defendant was doing business as a grocery merchant in the city of Birmingham, being a lessee of the storehouse in which it was doing business. The testimony of the plaintiff, and her witnesses, was to the effect that, while plaintiff was in the store of the defendant as a customer, she was injured by having stepped into a depression or sunken part of the floor; that she followed the clerk who was waiting upon her to the place where she was injured; that the store was poorly light-

ed, and that she did not see the place in the floor; that her ankle was sprained, and that she suffered pain and anguish from the injury, and incurred expenses for doctor's bills and medicines by reason of the injury.

The testimony of the defendant was to the effect that the place in the floor was such as was used in stores of · that kind, and that it could have been observed by ordinary observation, and, further, that such depression was not in the part of the store to which customers were invited or accustomed to go. The testimony of the plaintiff tended to show that she went to that part of the store by invitation; that is, that she called for an article she wanted to purchase, and followed the clerk to the place at which she was injured. Pretermitting the insistence of appellee that the appellant cannot, for the first time on appeal, question the filing of an amendment to the complaint that appears in the record, although such proposition appears to be sound (1 Ency. Digest Ala. Reports, p. 350, § 195), we do not think there is any merit in the contention of the appellant that the amendments to the complaint are not shown to have been properly filed. An examination of the entire record shows that the court and the parties treated the amendments as being properly filed, and that the case was tried upon the complaint as amended, and pleas 1, 11, and 12 of defendant. It would be extremely technical to hold that such amendments were not properly filed before the court, when, as stated, the record clearly shows that the case was tried upon the complaint as amended.

There was no error in overruling the demurrers to the complaint as amended. It was not subject to any of the grounds of demurrer interposed thereto. The averments of negligence in the complaint were sufficiently stated.

[1] The demurrers to pleas 4, 5, 6, and 7 were properly sustained. These pleas attempted to set up the defense that the defendant was the lessee of the storehouse, and that the depression in the floor was a fixture in the storehouse, which under the terms of its lease this defendant could not remove. These pleas further attempt to justify the defendant, because the owner of the building would be liable to the person injured. It is true that the owner of a building, which is defectively constructed, would be liable to a person injured, still that would not exempt a person who conducts a business in said building. It may be stated as a general proposition of law that when a merchant opens his store for business he invites the public into his store, and the duty devolves upon him to furnish to the public a reasonably safe place in which to be while they are in his place of business, whether he owns the building or rents it. If there is a defect in the floor, it would be a monstrous proposition to hold that the merchant could invite the public into the place, and, when injury is suffered, shield himself behind his lease. It is his duty to provide a reasonably safe place. If the floor or other part of the building is defective, he should guard the public against injury by such defect.

[2, 3] There was no error in sustaining the demurrers to pleas 2, 3, 8, 9, 10, 13, and 14. It there had been error in sustaining the demurrers to these pleas, it would have been error without injury, because the defendant had the benefit of proving the facts set up in said pleas under pleas 1, 11, and 12, upon which the case was tried. The appellant seems to have recognized this fact because he has not insisted in his argument that the ruling upon said pleas was error, and, although assigned as error, it has been waived.

[4] Many assignments of error are based upon the action of the court in admitting testimony as to the condition of the light in the store where the alleged injury occurred. The appellant argues that such evidence was an attempt to prove that the injury occurred on account of a defectively lighted store, and was a variance between the allegata and probata, because no damage was claimed in the complaint on account of its being defectively lighted. We do not think there is any merit in this contention of the appellant. Such evidence was admissible to refute the contributory negligence of the plaintiff charged in defendant's pleas 11 and 12. In plea 11, it is alleged, referring to the depression in the floor, "which was obvious and apparent to the plaintiff," and in plea 12, "and all of said depressions being obvious to persons using said premises." It was competent to offer testimony as to how the store was lighted, so that the jury could determine whether the place was "obvious and apparent" to the plaintiff. It was also competent to show that the place was negligently permitted to be in a dark part of the store.

[5] Much stress is laid in argument of appellant upon the action of the court in overruling defendant's objection to the question asked the witness Hill. "The defendant is a corporation, is it, Mr. Hill?" Appellant argues that this was prejudicial to the defendant. While it is true that there would have been no error for the court to have sustained the objection, still, we are unable to see how the answer to the question could prejudice the defendant in any manner. The witness had answered that he was vice president of the Hill Grocery Company, which of itself would imply that it was a corporation. Then, too, the pleadings in the case showed that it was a corporation, and it was sued as such. There was no plea denying the existence of the corporation, and therefore it was admitted, and it was not necessary to make such proof, but no prejudicial error could be predicated upon the rul-

ing of the court in allowing proof of a fact admitted in the pleadings.

[6] There was no error in refusing to give charge No. 2, requested by defendant. This charge was calculated to lead the jury to believe that it was necessary to show that the injury was done intentionally by defendant, when all that was necessary was to show that the injury occurred as the result of the negligence of the defendant.

[7, 8] Charge 8 was properly refused. The depression might have been a "standard device, performing a useful function in the ordinary and approved way," and yet might have been negligently permitted to be where it was located. Besides, this charge was fully covered in the oral charge of the court.

[9, 10] Charges 10, 11, and 12 were the affirmative charges, and were properly refused.

Charge 13 was in effect the affirmative charge, and was properly refused.

[11] Charge 14 was also properly refused. The fact that no person had been hurt at this place before was not evidence to show want of care on part of defendant, or that defendant was not guilty of negligence.

Charges 16 and 19 were properly refused. As stated above, the evidence of the lighting of the place was proper to be considered by the jury.

[12] Charge 17 was properly refused. The condition of the floor was proper to be considered by the jury in determining whether plaintiff was guilty of contributory negligence.

[13] Charge 24 is unintelligible, and was properly refused.

We have not deemed it necessary to extend this opinion to undue length by discussing each assignment of error separately—66 in all. We have treated the general principles applicable to the case. We have examined the record carefully, the able and explicit oral charge of the court, the charges given at the request of defendant, and it is our opinion that the defendant's case was clearly and fairly tried.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.