HENRIETTA TRYON, Plaintiff, Respondent, *v.* ROBERT M. CHALMERS and Others, Surviving Partners, Doing Business under the Style and Firm Name of JOHN G. MYERS Co., Appellants. (No. 1.)

VAN ERLE TRYON, Respondent, *v.* ROBERT M. CHALMERS and Others, Surviving Partners, Doing Business under the Style and Firm Name of JOHN G. MYERS Co., Appellants. (No. 2.)

Third Department, June 19, 1923.

Negligence — action to recover for injuries suffered in fall on landing in stairs in store — platform was marble and had become worn by use — no prior accidents were shown to have occurred on stairway— defendants are not liable — nonsuit granted.

In an action to recover for injuries suffered in a fall on a marble platform in stairs leading from the first floor to the basement of defendants' store, it appeared that through years of constant use the nose of the platform, which is one and

one-half inches thick, had become worn back three-eighths of an inch and down eleven-sixteenths of an inch, so that from the center of the platform to the edge there was a very slight decline; that it was not shown that other accidents had occurred on the stairway, though it had been in use for many years.

*Held,* that the condition of the platform was not such as to attract the attention of the defendants or to require them, as prudent persons, to foresee that one using the stairs with reasonable care would be exposed to any unnecessary or unreasonable danger; that the defect complained of was too slight to render the defendants liable; and that motions for a nonsuit should have been granted.

HASBROUCK, J., dissents, with memorandum.

APPEAL by the defendants, Robert M. Chalmers and others, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff, entered in each action in the office of the clerk of the county of Albany on the 21st day of December, 1922, upon verdicts of a jury for $200 and $150, respectively, and also from an order entered in each action in said clerk's office on the 2d day of January, 1923, denying defendants' motions for a new trial made upon the minutes.

*Arthur Butler Graham* [*John Preston Phillips* with him on the brief], for the appellants.

*C. Bertrand Race* [*Harold H. Corbin* of counsel], for the respondents.

VAN KIRK, J.:

The action by Mrs. Tryon is for personal injuries and the action by her husband, Van Erle Tryon, for loss of services of his wife. Mrs. Tryon went to the defendants' store to purchase goods. Leading from the main floor to the basement is a double marble stairway down to a platform or landing, and from this landing is a further descent of six steps from either end of the platform. Mrs. Tryon had descended to the platform or landing. She says: " As I took my right foot off of the landing my left foot slipped on the worn part of the stairs and crumpled under me." She was just about to step down, her right foot being in the air and her left foot, bearing her entire weight, being on the step or landing.

No complaint is made that the stairway is improperly constructed, that any step is not of reasonable width and height, that the stairway was dark, or that there was any concealed, obscure or hidden condition, which caused the accident, or that there was any obstruction or cracks or breaks in the surface of the steps on which she fell; the single complaint is that the marble slab, which constituted the floor of the platform or landing, was worn. The photograph in evidence shows quite plainly the condition; and the evidence shows that the surface of this marble slab had been

worn by constant use. The edge or nose of the slab, which is one and one-half inches thick, was worn back three-eighths of an inch and down eleven-sixteenths of an inch. The surface is gradually less worn as you pass back from the nose, making a very gradual and slight slanting of the surface.

The defendants appeal upon the ground solely that a nonsuit should have been granted; they do not ask a reversal on any other ground.

The plaintiff, a customer, stands as one invited upon the premises, to whom the defendants owe the duty to use reasonable care to keep the premises in such condition that one who enters them shall not be unreasonably or unnecessarily exposed to danger. (*Flynn* v. *Central R. R. Co.*, 142 N. Y. 439, 445; *Dwyer* v. *Hills Brothers Co.*, 79 App. Div. 45. )

Either marble or hard wood floors or steps are slippery. But the use of such materials for floors and steps is not in itself a negligent act; and, if people fall because the surface is hard and smooth, there is no liability for injuries so suffered. (*Kline* v. *Abraham*, 178 N. Y. 377; *Mitcheltree* v. *Stair*, 135 App. Div. 211.)

No fault rests here because of the plan of construction, or the materials used. The one question is: Had such a condition grown gradually from use that defendants should have realized, before this accident, that customers using the stairway were exposed to any unreasonable or unnecessary danger because the nose or front edge of the platform or landing was worn? As a general rule, where a structure, not obviously dangerous, has been in daily use for years, as had this stairway in question, and has uniformly been safe, its use may be continued without the imputation of culpable imprudence and carelessness. (*Lafflin* v. *B. & S. R. R. Co.*, 106 N. Y. 136, 141.) It is not shown that there had ever been an accident on this stairway before. The fact that scores of customers have used this stairway daily for years was potent assurance to these defendants that it was reasonably safe. There was no duty resting upon the defendants which required that they so provide for the safety of customers that they shall meet no danger when on the premises. The defendants are not insurers of their customers' safety. It is a matter of common knowledge that many homes and public buildings of to-day are old structures, with worn marble or stone steps and walks. Such are in constant use and accidents upon them are not so frequent as to stand as warnings of danger therein. If a wearing of the character disclosed in this case is sufficient warning that danger exists therein to whomever may be invited upon the premises, many of those ancient buildings and homes, examples of art and beauty, must be restored

with new work.   If these defendants should be held liable to these plaintiffs, then it would seem that the owner of a colonial home would be liable if one of his invited guests should slip and fall on his worn stone steps.   Such would be a rule unjustified and too harsh.   The host does not realize he is inviting his guests to danger.   We cannot think that such a condition as is disclosed here is sufficient to attract the attention of the owner, or that he would naturally as a prudent person foresee that one using these steps with reasonable care would be exposed to any " unnecessary or unreasonable danger."   Any person using these steps and exercising reasonable care could descend them in absolute safety and without risk.   In our view the defect complained of was too slight to render the defendants liable for the accident which occurred.   In *Dwyer* v. *Hills Brothers Co.* (*supra*) the defect was in an iron door mat, some of the bars of which were depressed below the common surface.   The plaintiff's heel caught and he fell.   It was held that the defect was too slight to sustain liability against the storekeeper; and that the duty of the defendant is not to be measured by what after the accident appears to be the proper precaution which should have been taken.   Where a defect is so slight, or is of such character, that a prudent person would not reasonably anticipate danger through its existence, though an accident does happen because of it, the question of liability is one of law.   (*Beltz* v. *City of Yonkers*, 148 N. Y. 67.)

The motions for a nonsuit should have been granted.   The judgments and orders should be reversed and the complaints dismissed, with costs.

H. T. KELLOGG, Acting P. J., and HINMAN, J., concur; HAS-BROUCK, J., dissents, with a memorandum.

HASBROUCK, J. (dissenting):

Stairs of marble under use become smooth.   The nose of the step upon which the plaintiff, Henrietta Tryon, fell had worn off some eleven-sixteenths of an inch.   Level and smooth it would be dangerous for people with uneven heels to walk on.   Sloping downward it seems to me it would be dangerous to persons descending with perfect heels upon their shoes.

The court properly charged the jury as to the burden of showing notice of the defect to the owner of the premises as an element of liability.

The rule undoubtedly is that where a customer is invited by a merchant into his place of business he owes the customer the duty of exercising reasonable care to maintain the premises in a reasonably safe condition for the visit.   His failure in the exercise of

such degree of care unexcused by any contributory negligence on the part of the customer casts responsibility upon the merchant for the customer's injury arising from such failure. (*Bennett* v. *R. R. Co.,* 102 U. S. 580; *Macauley* v. *Mayor,* 67 N. Y. 602.)

Judgments and orders reversed on the law and the complaints dismissed, with costs.