THOMAS G. ABBOTT, Respondent, *v.* RICHMOND COUNTY COUNTRY CLUB, Appellant.

Second Department, December 23, 1924.

**Negligence — action to recover for personal injuries suffered when plaintiff slipped and fell on concrete floor in defendant's club house — no defect claimed by plaintiff except that floor was smooth and slippery — use of concrete not negligence — use of oil to prevent dust not negligence — defendant not liable — error not to grant defendant's motion for nonsuit.**

In an action to recover damages for personal injuries suffered when the plaintiff slipped and fell on a concrete floor in defendant's club house it was error for

---

*Since amd. by Laws of 1920, chap. 640; Laws of 1921, chap. 433, and Laws of 1922, chap. 507.— [REP.

the court to deny defendant's motion for a nonsuit on the ground that the evidence presented a question of fact for the jury, where the basis of the plaintiff's claim of negligence against the defendant is that the floor was concrete and was smooth and slippery and that oil had been put on it to prevent dust from rising. It is not negligence to make a floor out of concrete nor is it negligence to use oil on the floor to prevent dust.

APPEAL by the defendant, Richmond County Country Club, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of March, 1924, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 3d day of March, 1924, denying the defendant's motion for a new trial made upon the minutes.

*George F. Hickey* [*William Butler* with him on the brief], for the appellant.

*Don R. Almy,* for the respondent.

RICH, J.:

This action is brought to recover damages for personal injuries. The claim of the plaintiff is that the defendant permitted and allowed the floor of its locker room to be and remain in a dangerous, unsafe and defective condition, in consequence of which he was caused to slip and fall. What happened is described by the plaintiff. He says: " Walked up the main aisle and turned to my left toward the exit, and had taken two or three steps, and as I fell, I instinctively threw my arm out to catch myself, and it was all instantaneous, and my hand went through a pane of glass in this door." No actual defect in the floor was claimed upon the trial other than that it was smooth and slippery, though plaintiff had used it upon several prior occasions and knew of its condition. A former employee of the defendant testified that several people had slipped and fallen upon it prior to the accident and that he had reported it to the superintendent.

Several witnesses called by the defendant denied that the floor was slippery, and the superintendent was unable to recall that his attention had been called to this fact, that people had fallen upon it. The defendant's engineer who assisted in the construction of the building testified that the floor was of concrete, with a smooth finish. He described it as being somewhat similar to a city sidewalk, stained red in the concrete, and covered with a thin coating of linseed oil to prevent dust; he said it was the customary flooring used in golf club locker rooms.

The defendant's motion for a nonsuit was denied on the ground that the evidence presented a question of fact for the jury, and the

only question presented by this appeal is whether or not the defendant exercised reasonable care in maintaining the floor in the condition described by the witnesses. Concrete floors are more or less slippery, but the use of such material for floors is not in itself a negligent act (*Tryon* v. *Chalmers, Nos. 1, 2,* 205 App. Div. 816, 818), nor can negligence be predicated upon the fact that it was covered with linseed oil to prevent dust. (*Kipp* v. *Woolworth & Co.,* 150 App. Div. 283; *Curtiss* v. *Lehigh Valley Railroad Co.,* 233 N. Y. 554.) Such a condition as is presented in the case at bar is not sufficient to charge a reasonably prudent person with the duty of foreseeing that one in the exercise of ordinary care using the floor would be exposed to danger. Although there is some evidence that others had fallen prior to the accident, we think the condition complained of was not such as to render the defendant liable for negligence. It follows that the motion to dismiss should have been granted.

The judgment and order should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

KELLY, P. J., JAYCOX, KELBY and YOUNG, JJ., concur.

Judgment and order reversed upon the law and the facts, and complaint unanimously dismissed, with costs.