[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 86 
Melba Standridge brought an action on behalf of the estate of her husband, Marvin Standridge, against Alabama Power Company for negligently causing Standridge's death. The claim arose on July 21, 1976, when Marvin Standridge died from a heart attack he suffered while on the construction site of Miller Steam Plant in Jefferson County, Alabama. The steam plant was being constructed for Alabama Power Company.
Mr. Standridge was an iron worker, and an employee of Sullivan, Long Hagerty, one of the subcontractors hired for construction of the plant. Approximately 1500 to 2000 workers were employed for the construction of the plant. The plant is located several miles from the nearest hospital, and ten to fifteen minutes from the nearest ambulance service. There is a first aid facility located at the plant; however, the facility was equipped with only basic first aid supplies such as splints, bandages, eye wash and so forth. The first aid station did not have any equipment to treat heart attack victims, nor were any trained medical personnel on the premises.
On July 21, 1976, at 6:30 A.M., Marvin Standridge suffered a heart attack and died. His estate alleged that Alabama Power Company had a duty to provide medical services for heart attack victims, and that the company's breach of this duty proximately caused Mr. Standridge's death. The cause was tried to a jury. The jury rendered a verdict in favor of the defendant, Alabama Power Company. Mr. Standridge's estate appeals.
The estate asserts several points as error. First, the estate challenges two of the trial judge's evidentiary rulings. Second, the estate asserts that the trial judge erred in its jury instructions and in making comments to the jury on the evidence. Alabama Power Company contends that even if these constitute error, it is harmless error because as a matter of law, it could not be liable.
We will address the issue of Alabama Power's possible liability first. Alabama Power asserts that as a matter of law, it could have no duty to Mr. Standridge, an employee of a subcontractor on a construction site. The company notes that the heart attack occurred prior to the beginning of the work day. Furthermore, the company pointed out that it had no contractual agreement with the various independent contractors on the steam plant construction site to provide medical services for the employees of the contractors. No regulatory agency required Alabama Power to provide such facilities. The company also contends that the estate presented no evidence at trial to prove that Alabama Power's failure to provide such services proximately caused the death of Mr. Standridge. Thus, the company asserts that any error of the trial court is harmless error, since Standridge would not be entitled to recover in any case.
We cannot rule on Alabama Power's contention that any error by the trial judge is harmless because there was no evidence that the company's acts or omissions were the proximate cause of Standridge's activities. The effect of the company's argument is that the trial judge erred in failing to direct a verdict in favor of Alabama Power. The issue of the trial judge's failure to direct a verdict should have been raised by a cross-appeal, but the company failed to do so. See ARAP 4 (a)(3).
The estate attempted to place in evidence an article from the Journal of the American Medical Association, authored by the Council on Industrial Health. The article was entitled "A Guide for Medical Services for Construction Projects." The article described what sort of medical services were necessary on a construction site, and suggested that on a site, such as the steam plant, full time medical personnel and facilities for the treatment of heart attacks should be provided. The estate sought to establish the article's trustworthiness through the expert *Page 87 
testimony of a doctor whose specialty is emergency health services. The trial judge refused to admit the article into evidence, but the judge permitted the physician to testify concerning the contents of the article.
The general rule in Alabama is that "[a] learned treatise, essay or pamphlet on a subject of science or art, which is testified to by an expert on the subject as being standard or trustworthy authority on the subject, is admissible as an exception to the hearsay evidence rule." Gamble, McElroy'sAlabama Evidence § 258.01 (1) (3rd ed. 1977). In order for a document to be admissible under this exception to the hearsay rule, an expert in the field must attest to the document's acceptance as an authority on a particular subject. Meadows v.Coca-Cola Bottling, Inc., 392 So.2d 825 (Ala. 1981).
The trial judge attempted to ascertain whether the plaintiff's expert was qualified to testify concerning the article's trustworthiness:
 "THE COURT; Well, doctor, what we are getting down to is whether or not you have the knowledge to make a determination as to whether or not it is authoritative or not. That is the question that is really here and that is before me and that is why I am asking you. You said you had no knowledge of this before and you have said that you don't operate in the area of industrial health where this is talking about.
 "Is this outside, even though it may be in a book, is it outside of your knowledge of whether, in fact, it is authoritative or not in that field in which it is being offered?
 "THE WITNESS: My knowledge is of the organization and the publication and the way they arrived at the standards, for example, for CPR and in terms of general knowledge about how they produce those publications or come to consensus opinions. I think they have been authoritative. I don't have any particular expertise about industrial health.
 "THE COURT: You don't have any expertise in the area in which this is here?
"THE WITNESS: Correct."
The plaintiff's attorney did not attempt to establish the doctor's knowledge of the area of industrial health, but merely relied on the doctor's knowledge as a physician.
The trial judge is vested with a large measure of discretion in admitting evidence under the "learned treatise" exception to the hearsay rule. Meadows v. Coca-Cola Bottling, Inc., 392 So.2d at 826. See Southern Metal Treating Co. v. Goodner,271 Ala. 510, 125 So.2d 268 (1960). Under the circumstances, we cannot say that the trial judge abused his discretion by refusing to admit the article.
The estate also alleges that the trial judge erred in refusing to admit evidence of subsequent, remedial measures taken by Alabama Power to improve the health care facilities at Miller Steam Plant. The estate concedes that the general rule in Alabama is that evidence of subsequent, remedial measures is inadmissible for an admission of a party's negligence. Leeth v.Roberts, 295 Ala. 27, 322 So.2d 679 (1975). The estate seeks to admit the evidence to show Alabama Power's control over the first aid facilities and its duty to maintain the facilities, not to show the company's negligence. The estate claims that evidence of subsequent, remedial measures is admissible to establish duty or control.
There are several exceptions to the general rule of inadmissibility of evidence of subsequent repairs or remedial measures. A party may introduce such evidence to show the existence of a condition at the time of an accident; DixieElectric Co. v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975); to show the feasibility of the use of safeguards or precautionary measures; Werner v. Upjohn Co., 628 F.2d 848 (4th Cir. 1980); to impeach a witness, Norwood Clinic, Inc. v. Spann, 240 Ala. 427,199 So. 840 (1941); or to give testimony which is part of the res gestae. *Page 88 
Alabama Power acknowledges another exception, that evidence of subsequent repairs may be admitted for the limited purpose of showing a party's control of the alleged defective premises or instrumentality. Norwood Clinic, Inc. v. Spann, 240 Ala. 427,199 So. 840 (1941); Gulf Railroad Co. v. Havard, 217 Ala. 639,117 So. 223 (1928). Nevertheless, in order for evidence to be admissible to establish control, control must be a controverted issue in the case. Werner v. Upjohn Co.,628 F.2d 848 (4th Cir. 1980); Gulf Railroad Co. v. Havard, 217 Ala. 639,117 So. 223 (1928). Alabama Power's major contention was that it had no duty to Mr. Standridge, not that it had no control over the premises. The estate asserts that the evidence of subsequent remedies is admissible to establish the company's duty to Mr. Standridge. We cannot agree. Duty is an essential element of a cause of action for negligence. The issue of duty does not fall outside the general rule that evidence of subsequent remedial measures is inadmissible to prove a party's negligence. Thus, the trial judge properly excluded evidence of any subsequent remedies provided by Alabama Power.
Finally, the estate contends that the trial judge erred in failing to admit the minutes of a labor negotiation meeting into evidence. At the meeting, it is alleged that labor representatives stated that the first aid facilities at Miller Steam Plant were inadequate. The labor representatives requested that the power company make improvements to the first aid facilities. The attorneys for the power company raised a general objection to the admission of the minutes, which the trial judge sustained. A trial judge's ruling concerning the admissibility of evidence after a general objection will be upheld if there is any ground to support the ruling. Clearly, the minutes of the meeting were hearsay. See Lavett v. Lavett,414 So.2d 907 (Ala. 1982). The burden was on the estate to show that the minutes were admissible under some exception to the hearsay rule. The estate failed to attempt to establish the admissibility of the evidence. Therefore, we will not disturb the trial judge's ruling. We also find no merit to the estate's contention that the trial judge erred in failing to admit the minutes because of the best evidence rule. The best evidence rule is not applicable in this case.
The estate makes several objections based on the trial judge's jury instructions. The estate asserted that the trial judge erred in failing to inform counsel what jury charges he intended to give. The trial judge did inform counsel that it refused both parties' proposed charges. Counsel for the estate did not request the judge to inform them of his proposed instructions nor did the estate show any prejudice which resulted therefrom. Under these circumstances, we find no reversible error. Trimble v. Bramco Products Co.,351 So.2d 1357 (Ala. 1977).
The estate claims that the trial judge erred in giving certain jury charges. Nevertheless, the estate failed to timely object to the charges. It is clear that a party may not raise the issue of erroneous jury charges on appeal unless the party objects before the jury retires. Harris v. Berrey,393 So.2d 984 (Ala. 1981). The issue of whether the trial judge erred in giving certain jury instructions is not preserved on appeal.
The trial judge likewise did not err in failing to give two of the estate's proposed jury charges, because each was adequately covered by the trial judge's other instructions. We also find no merit to the contention that the trial judge committed reversible error in commenting on the evidence in the presence of the jury. We find nothing in the record that could be construed as a comment on the evidence.
There appearing no error in the record, the judgment below is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 89