PER CURIAM.
This is an appeal from a summary judgment entered in favor of the defendants, Gold Bond Building Products, Inc. (“Gold Bond”), Harold Dean Harrison, and James Eugene Freeman. The plaintiff, James Allen Hunter, an electrician/welder, was hired by Harrison Electrical Constructors (“Harrison Constructors”) to work on a building project at a paper mill owned by Gold Bond. Eugene Freeman was the job superintendent for Harrison Constructors, and Harold Harrison was the electrical supervisor under Freeman.
During the course of his employment on the Gold Bond project, Hunter was instructed by his supervisor to use a lathe to smooth and polish a piece of metal pipe. Although he had never operated a lathe himself, Hunter had observed others using the lathe for similar purposes. During his operation of the lathe, his hand became caught in the machine and was severely injured. The lathe was owned by Gold Bond.
Hunter sued Gold Bond as the owner of the premises, and sued his co-employees Freeman and Harold Harrison. The issue presented on appeal is whether there was a genuine issue as to any material fact so as *82 to defeat the defendants’ motion for summary judgment.
We must first examine what duty, if any, was owed by the owner of the premises to the employee of Harrison Constructors, a subcontractor. Then we must determine whether there was a breach of that duty, and finally, whether that breach proximately caused the injury to the plaintiff.
Hunter, as an employee of the subcontractor, was a business invitee upon the premises owned by Gold Bond. Gold Bond owed Hunter, as a business invitee, the duty to exercise reasonable or ordinary care to protect him from injury. Great Atlantic & Pacific Tea Co. v. Keltner, 29 Ala.App. 5, 191 So. 633 (1939). An owner of business premises is required to exercise reasonable care to keep the premises reasonably free from danger to an invitee where an invitee may be expected to go. First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18 (1970). The reasonable or ordinary care to be exercised must correspond to the particular circumstances involved. Norwood Clinic, Inc. v. Spann, 240 Ala. 427, 199 So. 840 (1941).
In the instant case, Gold Bond presented evidence that the contract with Harrison Constructors required Harrison Constructors to supply its own equipment, and that Gold Bond had repeatedly warned Harrison Constructors employees not to use Gold Bond’s equipment. In addition, Hunter testified that he had never operated a lathe before and that he was not familiar with the operation of the particular lathe on which he was injured.
“The owner, occupant, or person in charge of property is not an insurer of the safety of an invitee thereon, and in the absence of negligence there is no liability. The ordinary tests promulgated by the law of negligence determine whether a property owner has exercised due care to assure the safety of his invitees. The reasonable care required is measured by the ability of a reasonably prudent man to anticipate danger under the conditions known or reasonably anticipated to exist.”
65 C.J.S. Negligence § 63(45) at 731-33 (1966).
Similarly, we agree with the trial court’s finding that there was no evidence to support the contention that there was a breach of a personal duty on the part of the co-employee defendants so as to sustain the action against them. The co-employees must have negligently breached a duty to the plaintiff that was either delegated to or assumed by them in order for liability to attach. See, Kennemer v. McFann, 470 So.2d 1113 (Ala.1985).
Consequently, the trial court correctly held that the defendants were entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.